IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES M. EVERETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-1201-MJR |
| ) | |
| HEINZ RUDOLPH, BRENAN F. KELLY, ) | |
| LISA PORTER, COUNTY POLICE ) | |
| (JOHN DOE & JANE DOE), and ) | |
| JANE DOE COUNTY LAW LIBRARIANS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On November 21, 2013, Plaintiff Charles M. Everett filed his *pro se* civil rights complaint in this Court under 42 U.S.C. § 1983. This matter is now before the Court on Plaintiff's motion for leave to proceed *in forma pauperis*, *i.e.*, without pre-paying the filing fee (Doc. 3).

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* ("IFP") or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When

assessing a petition to proceed IFP, a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed IFP. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Everett's affidavit that he is indigent. However, after carefully reviewing the complaint and attachments, the Court is unable to detect a non-frivolous cause of action against any non-immune Defendant. Plaintiff's statement of claim (such as it is) is found in Doc. 1-1. He claims that the Defendants:

> allowed the Gang members of Kings threatened the plaintiff's life from the movement of the letters from the plaintiff's place of birth Christian Welfare Hospital inside out, the Gang members by in which the plaintiff's complaint v. the Defendants a P O R S C H by in which represented the gang
> K L I H X S . . . .

(Doc. 1-1, p. 1). The remaining six pages consist of incomprehensible diagrams including words or names, and lists of associated numbers. These documents do not remotely state a claim for a violation of Plaintiff's civil rights, either by the named Defendants or any other person.

On December 5, 2013, Plaintiff submitted an additional six-page document, which was filed as an exhibit to the complaint (Doc. 6). The first page states in part:

> Rydolph [sic], defendant, being bribed by J.C. Blackmon's live stock of the 1982 Sectional High School baseball team of Lincoln by in which plaintiff was not a member of. The suicide murders of the dow – window advance pay of qualos of communist surgeon general warning and employment to one bros. and purchase of ounces with obligations to purchase of qualos from the other bros.

(Doc. 6, p. 1). The remainder of this document is equally unintelligible and incoherent.

Defendant Rudolph is a judge in the Circuit Court of St. Clair County, Illinois, who dismissed a civil case in which Plaintiff was involved (St. Clair County No. 13-AR-757) (Doc. 1, p. 2; Doc. 6, p. 4). Even if Plaintiff had articulated an understandable complaint regarding Defendant Rudolph's conduct in the civil suit, he would be entitled to judicial

immunity from a suit for money damages for any actions taken in the course of performing his official duties. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (*per curiam*). Plaintiff did not request money damages, but indicated he is seeking injunctive relief – the nature of which he did not specify (Doc. 1, pp. 2-3). A federal court, however, will not interfere with pending state judicial proceedings absent extraordinary circumstances, which are not present here. *See Younger v. Harris*, 401 U.S. 37 (1971); *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002).

Plaintiff failed to mention Defendants Kelly or Porter anywhere in his pleadings. They are the St. Clair County State's Attorney and an Assistant State's Attorney, respectively. They may also be immune from suit, *see Imbler v. Pachtman*, 424 U.S. 409, 420-29 (1976), but this question need not be reached because Plaintiff does not include any allegations against these parties. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Filings that are incoherent or lack a legal basis are frivolous. *Georgakis v. Ill. State Univ.,* 722 F.3d 1075, 1078 (7th Cir. 2013); *Buntrock v. SEC,* 347 F.3d 995, 997 (7th Cir. 2003). Plaintiff's pleadings in the instant case are completely incoherent and fail to even hint at any facts which might indicate that Plaintiff's civil rights were violated.

### Disposition

For the above reasons, the Court **DENIES** Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3), **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B) **with prejudice** because it is frivolous and fails to state a claim, and **DIRECTS** the Clerk of Court to enter judgment accordingly. Plaintiff's motion for recruitment of counsel (Doc. 2) is **DENIED AS MOOT**.

Because Plaintiff's application to proceed IFP has been denied, the filing fee of $400.00 for this action remains due and payable.[1] *See* 28 U.S.C. §§ 1915(a)(1); 1915(e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998) (fee remains due even where suit is dismissed); *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997) (a plaintiff incurs the obligation to pay the filing fee at the time the action or appeal is commenced).

If Plaintiff wishes to appeal the dismissal of this action, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). However, because the undersigned Judge has found this action to be frivolous and without merit, this Court will not grant Plaintiff permission to proceed *in forma pauperis* on appeal. Therefore, if Plaintiff does choose to appeal, he will incur the obligation to pay the $505.00 appellate filing fee irrespective of the outcome of the appeal, unless he files a successful IFP motion in the appellate court. *See* Fed. R. App. P. 3(e), Fed. R. App. P. 24; 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Newlin*, 123 F.3d at 434. A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

**IT IS SO ORDERED.**

**DATED: December 26, 2013**

                                           *s/ Michael J. Reagan*
                                           United States District Judge

---

[1] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. Only litigants who are granted IFP status are exempt from paying the new $50.00 fee.